**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA, )
)
v. )
) Criminal No. 20-281
JASON PERLA, )
)
Defendant. )

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Jason Perla's Motion to Modify Conditions of Release in which he requests that the Court modify his pretrial release conditions to permit him to use medical marijuana or, alternatively, that he not be sanctioned for such use so long as it complies with Pennsylvania law. (Docket No. 29). The Government opposes Defendant's request. (Docket No. 31). After careful consideration of the parties' positions, the Court will deny Defendant's Motion.

## I. BACKGROUND

On September 24, 2020, Defendant was charged in a one-count Indictment with possession with intent to distribute and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). (Docket No. 3). Defendant was arraigned on October 6, 2020, at which time the Government did not seek detention, and United States Magistrate Judge Lisa Pupo Lenihan entered an order releasing him on a $10,000 unsecured appearance bond with conditions. (Docket Nos. 17, 21). Defendant's pretrial release conditions include the following: he must not violate federal, state, or local law; he must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed

medical practitioner; and, he must submit to drug testing if required by the Pretrial Services Office. (Docket No. 21, ¶¶ 1, 7(m), 7(n)).

As set forth in Defendant's Motion filed on January 22, 2021, Dr. Russell L. Adams evaluated his unspecified medical condition and issued a certification for him to acquire a medical marijuana card from the Pennsylvania Department of Health in order to use marijuana for medicinal purposes. (Docket No. 29, ¶ 8). Defendant attached to his Motion a letter from Dr. Adams dated December 24, 2020, stating that "[h]e was evaluated and found to be an eligible candidate for the Pennsylvania Medical Marijuana program on August 14, 2018 and was seen in follow up on December 16, 2019." (Docket No. 29-1). Dr. Adams does not specify whether he saw Defendant after December 2019 or indicate what occurred with Defendant's health after that time. Nonetheless, according to Dr. Adams' letter, Defendant "has a somewhat extensive injury history with some resultant chronic issues." (*Id.*). Dr. Adams provides no background about Defendant's "extensive injury history," nor any explanation concerning the "resultant chronic issues."

Defendant further explains that he used the certification issued by Dr. Adams to obtain a medical marijuana card from the Pennsylvania Department of Health, which is attached to his Motion. (Docket Nos. 29, ¶ 9; 29-2; 29-3). The medical marijuana card indicates that it was issued on December 23, 2020, the day prior to Dr. Adams' letter. (Docket No. 29-2). Defendant asserts that his use of marijuana is for legitimate medical purposes and complies with Pennsylvania law. (Docket No. 29, ¶ 10). Additionally, Defendant submits that the federal government has chosen not to interfere with Pennsylvania's prerogative to provide this form of medical treatment to those who comply with state law. (*Id.*, ¶11). On this point, Defendant cites Section 531 of the

Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, 133 Stat. 2317 (2020) (the "Appropriations Rider"), which provides that "[n]one of the funds made available under this Act to the Department of Justice may be used with respect to any of the States [including] Pennsylvania . . . , to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." (*Id.*).

Given all of the above, Defendant requests that the Court modify the condition of release that requires him not to violate federal, state or local law to permit his use of medical marijuana so long as he complies with Pennsylvania law. (Docket No. 29, ¶¶ 3, 4). Alternatively, Defendant requests that the Court "take no punitive action in response to such use," if his use complies with Pennsylvania law. (*Id.*, ¶ 4). Defendant acknowledges that the Probation Office takes no position on the matter, and the Government opposes his request. (*Id.*, ¶¶ 14, 16).

The Government filed its Response on January 29, 2021, arguing that Defendant's Motion should be denied for several reasons. (Docket No. 31). First, marijuana use, whether medicinal or recreational, is prohibited under federal law. (*Id.* at 3-4). Second, prohibiting violations of federal law is a mandatory condition of pretrial release. (*Id.* at 4-5). Third, the Court and the Probation Office remain compelled to enforce a defendant's conditions of pretrial release, even as they relate to the use of medical marijuana. (*Id.* at 5). More specifically, the Government contends that: regardless of the Appropriations Rider's effect on the Department of Justice's ("DOJ") participation in ensuring that Defendant does not use marijuana, the Rider does not apply to federal district courts or the Probation Office; the Appropriations Rider does not support a wholesale injunction on the Government's ability to assist in the enforcement of pretrial release violations concerning medical marijuana; and Defendant's motion is premature because the first step would

be to hold an evidentiary hearing to determine whether his marijuana use fully complies with the extensive requirements of Pennsylvania's medical marijuana law. (*Id.* at 5-8). Finally, prohibiting sanctions for medical marijuana use while on pretrial release would effectively immunize Defendant's violations of federal law. (*Id.* at 8-9).

## II. DISCUSSION

The Bail Reform Act provides that any defendant who is on pretrial release must "not commit a Federal, State, or local crime during the period of release." 18 U.S.C. §§ 3142(b), (c)(1)(A). This provision makes clear that Defendant's compliance with federal law is a mandatory condition of his pretrial release. Despite the undisputed applicability of this mandatory release condition, Defendant requests that the Court modify it to permit him to use medical marijuana so long as he complies with Pennsylvania law. (Docket No. 29, ¶¶ 3, 4). As explained below, the Court must deny Defendant's request. Although Pennsylvania has legalized medical marijuana use under certain regulated conditions, the possession of marijuana violates federal law, contrary to the clear requirement of the Bail Reform Act.

Pennsylvania's Medical Marijuana Act of 2016 ("MMA") provides that the "use or possession of medical marijuana . . . is lawful within this Commonwealth" so long as a "patient" meets certain requirements. 35 PA. CONS. STAT. § 10231.303. In order to use medical marijuana, a patient first must obtain a certification from an approved practitioner who has determined that he is likely to receive "therapeutic or palliative benefit from the use of medical marijuana." *Id.* §§ 10231.401(a); 10231.403(a)(1), (a)(4). Among other matters, the certification must affirm that the patient has at least one of seventeen qualifying serious medical conditions for which he is under the practitioner's continuing care. *Id.* §§ 10231.103; 10231.403(a)(2), (a)(3). A patient with an

approved certification then must apply for an identification card which, if issued, would allow him to obtain medical marijuana from an approved dispensary. *Id.* §§ 10231.303(b)(1)(i); 10231.501; 10231.801(a). Medical marijuana only may be dispensed in certain forms, and the patient must carry a valid identification card any time he is in possession of it. *Id.* §§ 10231.303(b)(2), (b)(7); 10231.304(b).

Although Pennsylvania has legalized certain forms of medical marijuana subject to the various conditions outlined above, it is undisputed that the possession of marijuana remains illegal under federal law. *See* 21 U.S.C. § 844(a). Notably, the federal statute does not make any exception for medical marijuana. *See Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (emphasizing that the Controlled Substances Act "designates marijuana as contraband for *any* purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses."); *United States v. Bey*, 341 F. Supp. 3d 528, 530 (E.D. Pa. 2018) ("The Controlled Substances Act contains no exception—express or implied—for medically-prescribed marijuana."). The *Bey* court explained that the Supremacy Clause mandates that federal law preempts state law in this context:

> The Supreme Court's interpretation of the Controlled Substances Act compels we conclude [the defendant] may not use medical marijuana under federal law. A Pennsylvania statute or policy to the contrary cannot override a conflicting federal statute, as '[t]he Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.'

*Id*. at 531 (quoting *Raich*, 532 U.S. at 29). Given that "federal law preempts Pennsylvania's limited permission to use and possess doctor-prescribed medical marijuana," the court held that "[p]ersons released from prison subject to this Court's supervised release—as with all

Pennsylvanians—may not use, possess or distribute marijuana under federal law." *Bey*, 341 F. Supp. 3d at 529.

As in *Bey*, other courts which have examined this issue also have concluded that a defendant who is under federal court supervision may not use marijuana pursuant to a prescription issued in compliance with a state law. *See United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) (A "district court ha[s] no discretion to allow [a supervisee] to use medical marijuana while on supervised release."); *United States v. Harvey*, 659 F.3d 1272 (9th Cir. 2011) (affirming district court's revocation of supervised released based on its determination that a defendant's use of marijuana, pursuant to a physician's recommendation, was unlawful under federal law); *United States v. Kelly*, 419 F. Supp. 3d 610, 611 (W.D.N.Y. 2019) (denying request to modify pretrial release conditions to permit the defendant to participate in a medical marijuana program given that "[c]ompliance with federal law is a mandatory condition of release"); *Bey*, 341 F. Supp. 3d at 531 ("[A] federal supervisee's state-authorized possession and use of medical marijuana violates the terms of federal supervised release."); *United States v. Johnson*, 228 F. Supp. 3d 57, 58-59 (D.D.C. 2017) (recognizing that a defendant under federal supervision may not use medical marijuana even if that use complies with state law); *United States v. Pearlman*, Crim. No. 3:17CR00027(MPS), 2017 WL 7732811, at *8 (D. Conn. July 7, 2017) (denying the defendant's request to remove the drug testing condition of his pretrial release so that he could participate in a state-sanctioned medical marijuana program given that the condition not to violate federal law is "mandatory and not waivable").

In view of the Bail Reform Act's clear directive that a defendant who is on pretrial release must "not commit a Federal, State, or local crime during the period of release," the fact that the

possession of marijuana is a violation of federal law and there is no exception for medical marijuana, and for the reasons stated in the cases cited above, the Court is unable to modify Defendant's pretrial release conditions to permit him to use medical marijuana and will deny his Motion.[1] Additionally, the Court will deny Defendant's request for an advance ruling that it will not sanction him for his use of medical marijuana, given that there is no pending petition charging Defendant with violating any condition of his pretrial release.

Finally, Defendant references the Appropriations Rider in submitting that "the federal government has chosen not to interfere with Pennsylvania's prerogative to provide [medical marijuana] treatment to those who comply with state law and its accompanying regulations." (Docket No. 29, ¶ 11). To the extent Defendant suggests that the Appropriations Rider bars the DOJ from expending funds to enforce a violation of pretrial release for medical marijuana possession and use, his motion is premature given the particular circumstances of this case.[2] As

---

[1] The Court is cognizant that courts in this District have reached differing conclusions as to whether a defendant who is under federal supervision is permitted to use medical marijuana if such use complies with Pennsylvania law. *Compare United States v. Damon Johnson*, Crim. No. 20-86, Docket No. 44 (W.D. Pa. Nov. 3, 2020) (Ranjan, J.) (permitting use); *United States v. Nicole Hooper*, Crim. No. 19-142, Docket No. 64 (W.D. Pa. Aug. 6, 2020) (Bissoon, J.) (same); *United States v. Richard Martin*, Crim. No. 09-98, Docket No. 133 (W.D. Pa. Apr. 24, 2019) (Cercone, J.) (same) *with United States v. Andrew Anderson*, Crim. No. 12-200, Docket No. 547 (W.D. Pa. Feb. 26, 2020) (Fischer, J.) (prohibiting use); *United States v. Jordan Vicari*, Crim. No. 14-102, Docket No. 58 (W.D. Pa. Feb. 18, 2020) (Fischer, J.) (same). For reasons explained herein, this Court concludes that Defendant's possession and use of medical marijuana while on pretrial release is impermissible because it would violate federal law, contrary to the clear mandate of the Bail Reform Act.

[2] In *United States v. Jackson*, 388 F. Supp. 3d 505, 512-14 (E.D. Pa. 2019), the court found that the Appropriations Rider prohibits the DOJ from using its funds to prosecute a violation of supervised release based on a releasee's state law-compliant use of medical marijuana. Unlike the present case, in *Jackson*, the United States Probation Office submitted a violation petition, charging that the defendant violated the conditions of his supervised release by testing positive for marijuana use on ten occasions, and the defendant requested that the court enjoin the use of DOJ funds to prosecute the violations and dismiss the petition. *Id.* at 508. The *Jackson* court did not conclude that there was an absolute bar on the defendant's prosecution; rather, for the Rider to apply, the defendant was required to show that his use of medical marijuana was compliant with the MMA. *Id.* at 514-515. To assist the court in making that determination, the defendant was "entitled to [an] evidentiary hearing[] to determine whether [his] conduct was completely authorized by state law." *Id.* at 515 (citation omitted). As the court explained, "[s]uch an evidentiary hearing should precede any hearing on the violation of supervised release. … [and the] defendant bears the burden of showing, by a preponderance of the evidence, that he strictly complied with all relevant conditions imposed by the

noted, there is no pending petition charging that Defendant has violated any condition of his pretrial release. *See United States v. Reinhard*, Crim. No. 18-581, 2020 WL 7488941, at *2, n.2 (E.D. Pa. Dec. 21, 2020) (declining to consider the defendant's argument that the Appropriations Rider barred the DOJ from expending funds to enforce a probation violation for marijuana use where there was no pending violation petition).

## III. <u>CONCLUSION</u>

Possession of marijuana remains illegal under federal law, and Defendant's compliance with federal law is a mandatory condition of his pretrial release. Accordingly, Defendant's request that the Court modify the condition of release which requires that he must not violate federal, state or local law to allow his use of medical marijuana will be denied.

An appropriate order follows.

## <u>ORDER OF COURT</u>

AND NOW, this 9th day of February, 2021, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion to Modify Conditions of Release (Docket No. 29) is DENIED. All conditions set forth in the Order Setting Conditions of Release (Docket No. 21) remain in effect.

<u>*s/ W. Scott Hardy*</u>
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record
United States Probation Office

---

Medical Marijuana Act." *Id.* (internal quotation marks and citation omitted). In contrast to *Jackson*, there is no pending violation petition here and the question of Defendant's compliance with the MMA is not before the Court. Therefore, it would be premature to consider whether or not the DOJ is barred from expending funds to enforce a violation of pretrial release for medical marijuana use.