IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 20-281 |
| JASON PERLA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant Jason Perla is charged in the one-count Indictment in this case with possession with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), for conduct occurring on or about June 6, 2019. (Docket No. 3). Jury selection and trial are scheduled to commence on May 9, 2022. (Docket No. 63). Presently before the Court is Defendant's Motion in Limine, to which the Government has responded. (Docket Nos. 69, 76). For reasons that follow, Defendant's Motion will be granted as more specifically set forth herein.

Defendant first requests the Court to preclude "any and all testimony or reference to law enforcement knowledge of [his] criminal history and/or as a source of narcotics of any kind." (Docket No. 69, ¶ 11). He submits that any such evidence is inadmissible because it is evidence of other crimes, wrongs or acts offered to show action in conformity under Federal Rule of Evidence 404(b), and the Government will not be able to show that it is non-propensity evidence or relevant given the limited nature of this case.[1] (*Id.*, ¶¶ 6-9). To the extent such evidence is

---

[1] As articulated by the Third Circuit Court of Appeals, "Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). Given that "Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has the burden of demonstrating [the evidence's] applicability." *Id.* (internal quotation marks and citation omitted). Accordingly, "[a]dmissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts

1

admissible under Rule 404(b), Defendant submits that it is inadmissible under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice.  (*Id.*, ¶ 10).

As explained in the Government's Response, certain law enforcement witnesses who identified Defendant while he allegedly was engaged in the activity charged in this case based their identification of him on their historical knowledge of his "known drug-dealing activity." (Docket No. 76 at 1).  According to the Government, such testimony would be relevant to establish that several officers in this case were familiar with Defendant and therefore were able to positively identify him on June 6, 2019. (*Id.*).  Nonetheless, the Government is willing to limit the information elicited from its identification witnesses and avoid any risk of unfair prejudice by using neutral language and instructing its witnesses to do the same. (*Id.*).  However, if Defendant challenges the officers' familiarity with him and/or the officers' ability to positively identify him on June 6, 2019, the Government maintains that testimony regarding their prior interaction with him related to drug dealing may be necessary and relevant. (*Id.* at 2).  As such, the Government submits that circumstances exist in which Defendant could "open the door" to testimony regarding law enforcement witnesses' prior knowledge of him because of his criminal history, but this can only be determined as the trial proceeds. (*Id.*).  Given this scenario, the Court agrees with the Government's suggestion that Defendant's Motion should be granted subject to revisiting the issue, if necessary, during trial.

Next, Defendant also requests leave to supplement or amend his motions in limine prior to trial after he receives and reviews any *Brady/Giglio* material supplied by the Government.  (Docket

---

evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction." *Id.* (citations omitted).

2

No. 69, ¶¶ 12-15). The Court will grant Defendant's request to the extent that he only may supplement, amend or file additional motions which reasonably could not have been anticipated within the time allocated for filing motions in limine in this case.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 28th day of April, 2022, IT IS HEREBY ORDERED that Defendant's Motion in Limine (Docket No. 69) is GRANTED as follows: (1) the Government's witnesses are precluded from testifying as to their knowledge of Defendant's criminal history and/or as a source of narcotics,[2] and; (2) Defendant may supplement, amend or file additional motions in limine prior to trial which reasonably could not have been anticipated within the time allocated for filing such motions.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

[2] As discussed herein, this ruling will be revisited if warranted by the circumstances as the case proceeds at trial.