IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 20-281 |
| JASON PERLA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant Jason Perla is charged in the one-count Indictment in this case with possession with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), for conduct occurring on or about June 6, 2019. (Docket No. 3). Jury selection and trial are scheduled to commence on May 9, 2022. (Docket No. 63). Presently before the Court is Defendant's Motion for Discovery, to which the Government has responded. (Docket Nos. 70, 78). For reasons that follow, Defendant's Motion will be denied.

Defendant requests that the Government examine and review the personnel files and any other files for all of its testifying witnesses, including law enforcement officers, for impeachment or exculpatory material. (Docket No. 70, ¶ 4). Defendant further requests that the Government produce "any and all records and information relating to disciplinary investigations and/or actions against any law enforcement officer, either civil or criminal in nature." (*Id.*, ¶ 5). Finally, Defendant requests that the Government produce its witnesses' criminal records, if any. (*Id.*, ¶ 6).

Initially, the Government is not required to personally review its law enforcement witnesses' personnel files. To this end, the Third Circuit Court of Appeals has explained as follows:

1

> [A]lthough *Brady v. Maryland*, 373 U.S. 83, 87–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), mandates that the prosecution disclose impeachment material that is exculpatory to the defendant, it does not require that the prosecution make the [personnel] file available for the defendant's general perusal. Instead, the government need only direct the custodian of the files to inspect them for exculpatory evidence and inform the prosecution of the results of that inspection, or, alternatively, submit the files to the trial court for *in camera* review.[1]

*United States v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998).

Here, the Government explains that it has submitted formal *Giglio* requests to each agency that employs the potential law enforcement witnesses, it has received several responses to those requests, and none of the agencies have indicated that any officer has anything in his file to disclose. (Docket No. 78 at 1). However, to the extent that impeachment evidence exists for its witnesses, the Government submits that it recognizes its obligations and will provide any such information in accordance with the Court's Pretrial Order. (*Id.* at 1-2). Given that the Government has requested the appropriate custodian of the files to inspect them for *Giglio* material, and has committed to disclosing any such material as required, Defendant's request that the Government review the personnel files of its witnesses will be denied.

Next, while "*Brady* and *Giglio* may require the disclosure of impeachment material contained in the personnel files of testifying law enforcement officers," *United States v. Allick*, Crim. No. 2011-020, 2012 WL 592924, at *3 (D.V.I. Feb. 22, 2012) (citing *Dent*, 149 F.3d at 191), the Government is not automatically required to produce any and all records pertaining to disciplinary investigations and/or civil or criminal actions against its law enforcement witnesses as Defendant requests. As stated, *Brady* "does not require that the prosecution make the file

---

[1] "A defendant seeking an *in camera* inspection to determine whether files contain *Brady* material must at least make a plausible showing that the inspection will reveal material evidence. Mere speculation is not enough." *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir. 2001) (internal quotation marks and citations omitted). Defendant has not sought an *in camera* inspection here, nor does his Motion contain any information that would suffice to make a plausible showing that such an inspection would reveal material evidence.

available for the defendant's general perusal." *Dent*, 149 F.3d at 191. "Indeed, absent some articulable reason beyond 'mere speculation,' courts have routinely denied defendants' requests for access to police personnel files in various contexts." *Allick*, 2012 WL 592924, at *4 (D.V.I. Feb. 22, 2012) (citing *United States v. Lafayette*, 983 F.2d 1102, 1106 (D.C. Cir. 1993) (denying disclosure of police officers' personnel files in motion for new trial because "nothing in appellants' brief informs us why they have any reason to believe that the personnel files would provide any useful evidence whatsoever"); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985) ("Mere speculation that a government file may contain *Brady* material is not sufficient to require a remand for *in camera* inspection, much less reversal for a new trial.")[2] (quoting *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984)). Here, Defendant's Motion does not contain any articulable reason why he believes that the requested documents contain impeaching material. Accordingly, Defendant's request for any and all records pertaining to disciplinary investigations and/or civil or criminal actions against the Government's law enforcement witnesses will be denied.

Finally, as to Defendant's request for production of any criminal records of Government witnesses, including law enforcement officers, the Government has committed to provide such records when it discloses *Brady/Giglio* material. (Docket No. 78 at 2). The Government's Response indicates that it is well-aware of its obligation to disclose this material and has stated its intent to fulfill that obligation. As such, Defendant's motion relative to this material will be denied.

---

[2] The *Andrus* Court held that the defendant was not entitled to the personnel files of law enforcement witnesses "without even a hint that impeaching material was contained therein." *Andrus*, 775 F.2d at 843.

3

Based on the foregoing, the Court enters the following Order:

AND NOW, this 28th day of April, 2022, IT IS HEREBY ORDERED that Defendant's Motion for Discovery (Docket No. 70) is DENIED.

<u>s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record