IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 20-281 |
| JASON PERLA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant Jason Perla is charged in the one-count Indictment in this case with possession with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), for conduct occurring on or about June 6, 2019. (Docket No. 3). Jury selection and trial are scheduled to commence on May 9, 2022. (Docket No. 63). Presently before the Court is the Government's Motion in Limine, to which Defendant has responded. (Docket Nos. 68, 72). For reasons that follow, the Government's Motion will be granted as more specifically set forth herein.

As detailed in the Government's Motion, it expects to call two witnesses to testify at trial who are cooperating with the Government. (Docket No. 68 at 1). As the Government notes, their cooperation is in the interest of mitigating their own criminal liability for illicit conduct they have committed, and the Government concedes that interest is a fair subject for cross-examination as it pertains to bias or motivation. (*Id.*). However, the Government requests that cross-examination be limited to general questions regarding sentencing exposure and not the specifics of guidelines calculations or statutory minimum or maximum penalties associated with any charged crime. (*Id.*).

1

Defendant opposes the Government's request, arguing that granting it would deny him his right to confront witnesses presented against him. (*See generally* Docket No. 72).

In *United States v. Noel*, 905 F.3d 258, 263 (3d Cir. 2018), the Third Circuit Court of Appeals addressed this issue, that is, "the extent to which the Confrontation Clause entitles a defendant to cross-examine government witnesses who testify pursuant to cooperation agreements about the sentence reductions they expect to receive in exchange." In *Noel*, the defendant argued that the district court violated his rights under the Confrontation Clause by precluding cross-examination on the specific details of his co-defendants' sentencing exposure. *Id.* at 267. The Court of Appeals ruled that there was no constitutional error because the district court permitted cross-examination in more general terms about the co-defendants' sentencing reductions and other benefits of cooperation, such that the information was "sufficient . . ., without the excluded evidence, to make a discriminating appraisal of the possible biases and motivation of the witness[]."[1] *Id.* (quoting *United States v. Chandler*, 326 F.3d 210, 219 (3d Cir. 2003)).

In so ruling, the Court of Appeals explained the contours of a defendant's Sixth Amendment right of confrontation when cross-examining a cooperating witness about the benefits of his agreement with the Government. To that end, "[t]he Confrontation Clause guarantees a criminal defendant the right to 'be confronted with the witnesses against him.' " *Noel*, 905 F.3d

---

[1] The district court permitted the defendant to question the co-defendants about the following and, thus "to confirm, in broad strokes, the benefits secured by their agreements:" the reduction of otherwise substantial sentences; the Government's agreement to drop or not pursue additional charges; the co-defendants' release from federal custody pending sentencing; the possibility of a greater sentence reduction, should their testimony be satisfactory; and that they had reviewed the Government's case against the defendant prior to trial. *Noel*, 905 F.3d at 265. The district court prohibited inquiry concerning the co-defendants' precise sentencing exposure, explaining that this limitation was necessary to prevent the jury from inferring the sentence the defendant himself faced. *Id.* In the defense's closing argument, counsel used the testimony he had elicited to impugn the co-defendants' veracity and motivation for testifying, describing them as " 'self-confessed crooks, liars, [and] convicts . . . looking out for the best interests of only themselves,' and urg[ing] the jury to discredit their testimony because they had 'one goal'- to 'serve[ ] less jail time' - and their eyes were on the 'golden trophy': a recommendation from the Government 'to reduce their substantial sentence[s] even further.' " *Id.* at 266.

2

at 267 (quoting U.S. Const. Amend. VI.). "Primary among those rights is 'the right of cross-examination,' which may include questions 'directed toward revealing possible biases, prejudices, or ulterior motives of the witness.' " *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974)). "Despite this guarantee, trial judges retain 'wide latitude . . . to impose reasonable limits on . . . cross examination,' which a defendant may overcome by showing that, had the proposed line of inquiry been permitted, the jury 'might have received a significantly different impression of [the witness's] credibility.' " *Id.* at 267-68 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679-80 (1986)); *see also Chandler*, 326 F.3d at 219 ("It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges ... [may] impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant.") (quoting *Van Arsdall*, 475 U.S. at 679).

      The Third Circuit Court of Appeals developed "a two-part test to determine whether a particular limitation on cross-examination violated a defendant's rights under the Confrontation Clause." *Noel*, 905 F.3d at 268 (citing *Chandler*, 326 F.3d at 219). First, a court must determine "whether [the limitation] significantly inhibited [the defendant's] effective exercise of [his] right to inquire into [the] witness's 'motivation in testifying.' " *Chandler*, 326 F.3d at 219 (quoting *Van Arsdall*, 475 U.S. at 678-79). If it did, the court considers whether the limitation "fell within those 'reasonable limits' which a trial court, in due exercise of its discretion, has authority to establish.'" *Id.* Whether a trial court abuses its discretion "depends on whether the jury had sufficient other information before it, without the excluded evidence, to make a discriminating appraisal of the possible biases and motivation of the witness[ ]," *id.* (internal quotation marks and citation

3

omitted), or, conversely, whether without the limitation, "a reasonable jury could have 'reached a significantly different impression' of [the witness's] credibility." *Id.* at 222.

As summarized in *Noel*, Third Circuit precedent holds that "there is no absolute right to inquire into the precise sentence a government witness might face absent his cooperation and that a district court may limit the scope of cross-examination to more general inquiries about his expected benefits." *Noel*, 905 F.3d at 269. "Such limitation is permissible under the Confrontation Clause unless the jury might have received a significantly different impression of [the witness's] credibility had it not been imposed," which is to be assessed using the Third Circuit's two-part test. *Id.* (internal quotation marks and citation omitted).

In view of these applicable standards, the Third Circuit determined in *Noel* that the "single narrow restriction" imposed by the district court - that defense counsel not "go into things like mandatory or specific sentences like 10 years or maximum of life, fines, or any of that sort of stuff" – "fell comfortably within constitutional bounds." *Noel*, 905 F.3d at 269. In reaching this decision, the Third Circuit reiterated that the district court "expressly permitted counsel to explore the codefendants' agreements with the Government, to elicit that they were 'exposed to . . . a considerable amount of time,' and to suggest that, 'by [their] performance today [they are] essentially singing for [their] supper.' " *Id.* at 269. The Third Circuit also noted that counsel elicited testimony which "was sufficient for [him] to argue in closing that the codefendants were 'self-confessed crooks, liars, [and] convicts' who had 'one goal,' to serve less jail time, and would say anything to win the 'golden trophy' of a recommendation 'to reduce their substantial sentence[s] even further.' " *Id.* at 269-70.

In accordance with *Noel* and controlling Third Circuit precedent, on cross-examination of cooperating witnesses in this case, defense counsel is permitted to explore the witnesses'

agreements with the Government, but is not permitted to elicit information about specific sentences associated with any charged offenses, such as the statutory minimum and/or maximum penalties or the advisory sentencing guidelines calculations.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 29th day of April, 2022, IT IS HEREBY ORDERED that the Government's Motion in Limine (Docket No. 68) is GRANTED to the extent that defense counsel is restricted on cross-examination from inquiring about specific sentences associated with any charged offenses, such as the statutory minimum and/or maximum penalties or the advisory sentencing guidelines calculations; however, defense counsel is permitted to otherwise explore the cooperating witnesses' agreements with the Government consistent with controlling Third Circuit precedent.[2]

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc/ecf:  All counsel of record

---

[2]  Referencing Fed. R. Evid. 609(a), the Government additionally submits that cross-examination concerning a witness' prior arrests, dismissed or acquitted charges, non-qualifying convictions, or the underlying factual bases to any conviction should be precluded on cross-examination because such subjects are improper for impeachment purposes. (Docket No. 68 at 1, 3).  The Government did not further develop this argument, thus the Court declines to issue a ruling on the matter at this juncture.