IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 20-281 |
| JASON PERLA, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM ORDER</u>**

Defendant Jason Perla is charged in the one-count Indictment in this case with possession with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), for conduct occurring on or about June 6, 2019. (Docket No. 3). Jury selection and trial are scheduled to commence on May 9, 2022. (Docket No. 63). Presently before the Court is Defendant's Motion for Discovery. (Docket No. 85). For reasons that follow, Defendant's Motion will be granted in part and denied in part.

A pretrial conference was scheduled and held in this case on May 2, 2022, at 9:30 a.m. (Docket Nos. 63, 86). Defendant filed the pending Motion at 8:41 a.m. on May 2nd, thus the Government did not have an opportunity to file a written response prior to the scheduled conference. After hearing oral argument on the Motion at the pretrial conference, the Court indicated that the Government could file a written response, if it desired, and that Defendant could supplement his Motion with any additional authority in support of his requests by close of business on May 2nd. Neither party did so.

As detailed in Defendant's Motion, defense counsel received certain Jencks material from the Government on April 25 and 26, 2022, as well as a form DEA-7 on April 28th. (Docket No.

1

85, ¶¶ 3-5). Defense counsel subsequently contacted Government counsel concerning "disclosure of material that [he] believes he is entitled under *Brady v. Maryland*." (*Id.*, ¶ 6). To that end, Defendant's Motion requests that the Government produce the following items which he refers to as *Brady/Giglio* material: (a) material related to the cooperating witness's agreement with the Government; (b) information related to the cooperating witness's probation or parole status at the time of his agreement with the Government; (c) an opportunity to review redacted reports related to the cooperating witness's arrest, detention and release following execution of a search warrant at his home where over 25 drug exhibits were recovered; (d) reports or notes of a controlled purchase by the cooperating witness on June 25, 2018, to include Pittsburgh Police reports related to the traffic stop, expired weapons permit, photographs of evidence seized, records of an inventory search and K-9 reports; (e) reports related to law enforcement interaction with AUSA Timothy Lanni on June 25, 2018, and the decision to release the cooperating witness; (f) reports related to a search of the cooperating witness's home on June 25, 2018, including form DEA-88, the on duty AUSA report relative to securing the residence, photographs of the seized evidence and form DEA-12; and (g) reports related to the cooperating witness's arrest in Mercer County on January 5, 2020, including any assistance in plea negotiations by the Government. (*Id.*, ¶¶ 10.a. – 10.g.).

In response to these requests, Government counsel argued at the pretrial conference that, other than the information it already has disclosed and the cooperating witness's agreement with the Government, the information that Defendant seeks is not *Brady/Giglio* material which must be produced. Regarding the cooperation agreement, Government counsel explained that the witness's agreement was with the DEA, counsel has attempted to obtain that agreement from the DEA, but it has not been supplied to date, and the Government will provide it to defense counsel upon receipt.

As the Third Circuit Court of Appeals has observed, discovery in criminal cases is limited to those areas delineated in Federal Rule of Criminal Procedure 16 "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. § 3500,[1] and materials available pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Coles*, 511 F. Supp. 3d 566, 574 (M.D. Pa. 2021) (observing that the Government's disclosure obligations arise from Rule 16, the Jencks Act, and *Brady* and its progeny) (citing *Maury*, 695 F.3d at 247)).

"In *Brady*, the Supreme Court held that due process require[s] that [upon request] the government produce all 'exculpatory' evidence, which includes both '[m]aterials . . . that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.' " *Ramos*, 27 F.3d at 68 (quoting *United States v. Hill*, 976 F.2d 132, 134-35 (3d Cir. 1992)). Subsequently, in *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Supreme Court extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a Government witness. To that end, "[a]ny inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would

---

[1] The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the Government must produce "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). Pursuant to 18 U.S.C. § 3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012). Although the Government has no obligation to provide Defendant with Jencks material until a witness testifies, pursuant to the Pretrial Order in this case, the Court encouraged the Government to provide Jencks Act materials prior to the pretrial conference. (*See* Docket No. 63, ¶ A.4; *Maury*, 695 F.3d at 248 n.18 (recognizing that "[d]espite [§ 3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies")). Defendant's Motion indicates that the Government has produced certain Jencks material to him in this case. (*See* Docket No. 85, ¶¶ 3, 4) (stating that defense counsel received emails from Government counsel with attachments containing Jencks material).

fall under impeachment evidence that must be disclosed under *Brady*." *United States v. Portis*, Crim. No. 19-133-7, 2020 WL 7065832 , at *2 (W.D. Pa. Dec. 3, 2020) (citing *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983) ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility.")). Thus, it is clear that "the government must disclose explicit cooperation agreements or immunity deals inked by prosecutor and witness." *Coles*, 511 F. Supp. 3d at 583 (citing *Giglio*, 405 U.S. at 151-54). Furthermore, "[t]he Confrontation Clause guarantees a criminal defendant the right to 'be confronted with the witnesses against him.' " *United States v. Noel*, 905 F.3d 258, 267 (3d Cir. 2018) (quoting U.S. Const. Amend. VI.). "Primary among those rights is 'the right of cross-examination,' " which may include questions aimed at impeaching the witness's credibility. *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 315 (1974)). "Impeachment strategies have included the introduction of evidence of a prior criminal conviction of the witness or exposing a witness's motivation for testifying, 'directed toward revealing possible biases, prejudices, or ulterior motives . . . as they may relate directly to issues or personalities in the case at hand.' " *United States v. Freeman*, 763 F.3d 322, 341 (3d Cir. 2014) (quoting *Davis*, 415 U.S. at 316). However, as the Third Circuit Court of Appeals has observed, "[t]he use of such strategies is always subject 'to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation.' " *Id.* (quoting *Davis*, 415 U.S. at 316).

Given Defendant's Motion, it is clear that he knows of the existence of the cooperation agreement in this case; however, the foregoing authority makes equally clear that the Government must disclose to the defense the cooperating witness's agreement with the DEA. Pursuant to the Court's Pretrial Order filed on February 17, 2022, that disclosure should have been made on April 25, 2022. (*See* Docket No. 63, ¶ A.4). To repeat, Government counsel represented she has

attempted to obtain the agreement from the DEA, but it has not been supplied to date, and the Government will provide it to defense counsel upon receipt. To the extent the Government has had difficulty obtaining the cooperating witness's agreement with the DEA, that matter should have been brought to the Court's attention prior to the April 25th deadline. However, with regard to material that will primarily be used to challenge the credibility of a Government witness, the Court is cognizant that the due process "right to a fair trial will be fully protected if disclosure is made the day that the witness testifies. Disclosure at that time will fully allow appellees to effectively use that information to challenge the veracity of the government's witnesses." *Higgs*, 713 F.2d at 44. Nonetheless, given that the Government has been aware for over two months that the cooperating witness's agreement with the DEA was to have been produced on April 25th, the Government shall produce that agreement by 12:00 p.m. on May 5, 2022.

With respect to Defendant's request for information related to the cooperating witness's probation or parole status at the time of his agreement with the Government, (*see* Docket No. 85, ¶ 10.b.), the Court construes same as a request for the witness's criminal history, which is subject to production. *See United States v. Antoine*, Crim. No. 10-229, 2012 WL 3279195, at *4 (W.D. Pa. Aug. 9, 2012) ("The criminal records of any witnesses expected to testify at trial qualify as impeachment evidence that must be disclosed pursuant to *Brady*.") (citing *Wilson v. Beard*, 589 F.3d 651, 663 (3d Cir. 2009) ("[T]he prosecution bears the burden of disclosing to the defense a prosecution witness's criminal record, whether or not an explicit request has been made by defense counsel"); *Hollman v. Wilson*, 158 F.3d 177, 180 (3d Cir. 1998) ("[E]vidence of a government witness's prior criminal history is evidence which must be produced to the defense.")). Accordingly, the Government must produce the cooperating witness's criminal history forthwith, to the extent it has not already done so.

With respect to the remainder of Defendant's requests listed in his Motion, Defendant has not provided any authority that those items qualify as *Brady/Giglio* material despite having been given the opportunity to do so by close of business on May 2, 2022.[2] However, to the extent the Government possesses any additional *Brady/Giglio* material related to the cooperating witness consistent with the authority cited herein which has not already been produced to the defense, the Government shall disclose such material forthwith. Finally, to the extent that the parties request the Court to conduct an *in camera* review of any items related to the cooperating witness as identified in Defendant's Motion, the materials for review must be identified with specificity and provided to the Court by 12:00 p.m. on May 5, 2022.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 3rd day of May, 2022, IT IS HEREBY ORDERED that Defendant's Motion for Discovery (Docket No. 85) is GRANTED IN PART AND DENIED IN PART as follows: (1) the Government shall produce the cooperating witness's agreement with the DEA by 12:00 p.m. on May 5, 2022; (2) the Government shall produce the cooperating witness's criminal history forthwith, to the extent it has not already been supplied to the defense; (3) to the extent the Government possesses any additional *Brady/Giglio* material related to the cooperating witness consistent with the authority cited herein which has not already been produced, such material shall be disclosed forthwith; (4) to the extent that the parties request the Court to conduct an *in camera* review of any items related to the cooperating witness as identified in Defendant's Motion, the

---

[2] To reiterate, "[i]mpeachment strategies have included the introduction of evidence of a prior criminal conviction of the witness or exposing a witness's motivation for testifying, 'directed toward revealing possible biases, prejudices, or ulterior motives . . . as they may relate directly to issues or personalities in the case at hand.'" *Freeman*, 763 F.3d at 341 (quoting *Davis*, 415 U.S. at 316). As the Court previously ruled, in accordance with *Noel* and controlling Third Circuit precedent, on cross-examination of the cooperating witness in this case, defense counsel is permitted to explore the witness's agreement with the Government (although he is not permitted to elicit information about specific sentences associated with any charged offenses). (*See generally* Docket No. 84). To the extent Defendant's requests in ¶¶ 10.c.-10.g. are not aimed at these purposes, such materials fall outside the scope of what the Government is required to produce.

materials for review must be identified with specificity and provided to the Court by 12:00 p.m. on May 5, 2022; and (5) the Motion is denied to the extent it seeks any other material falling outside the scope of Federal Rule of Criminal Procedure 16, *Brady, Giglio* or the Jencks Act as discussed herein.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record