IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
      )
   v.           )      Criminal No. 20-281
      )
JASON PERLA      )

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Jason Perla's Motion for Early Termination of Supervised Release, which is opposed by the Government. (Docket Nos. 114, 116). After careful consideration of the parties' positions, Defendant's Motion will be denied.

I.    **BACKGROUND**

On May 6, 2022, Defendant pled guilty to a lesser included offense at Count One of the Indictment in this case, that is, possession with intent to distribute and distribution of a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Docket Nos. 91, 93). Defendant was sentenced on September 8, 2022, to a term of 36 months' imprisonment followed by a 3-year term of supervised release. (Docket Nos. 107, 109).

Following Defendant's release from imprisonment, his term of supervised released commenced in August 2024. (*See* Docket No. 114, ¶ 6). On February 26, 2026, Defendant filed the pending Motion in which he submits that early termination of supervised release is warranted because he has not had any violations during his 1½ years on supervision, and he reports to the Probation Office monthly "without fail." (*Id.*, ¶¶ 10, 11). Further, Defendant maintains that early termination will enhance "ascension within his employment environment" at Paramount Construction. (*Id.*, ¶ 13). Defendant attached to his Motion a letter from Paramount's C.O.O.,

1

Tom Chunchick, praising Defendant's performance at his job and stating that it would help Paramount and allow Defendant "to develop even more" if he was permitted to travel for the company. (*Id.* at 3). On March 13, 2026, the Government filed a Response opposing Defendant's Motion for Early Termination of Supervised Release. (*See* Docket No. 116). Defendant did not file a Reply by the established deadline of March 20, 2026, (*see* Docket No. 115), thus the matter is ripe for disposition.

## II.   **DISCUSSION**

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. The Third Circuit first explained that

---

[1] Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and the sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

§ 3583(e)(1) requires a court entertaining a motion for early termination of supervised release to consider the applicable § 3553(a) factors. *Id.* at 52. The court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (internal quotation marks and citation omitted). After considering the applicable § 3553(a) factors, the court may provide relief "only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52 (citing 18 U.S.C. § 3583(e)(1)). To that end, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (citation omitted).

Importantly, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. In so ruling, the Third Circuit explained that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis in original) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). As the Court further observed, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Nonetheless, it "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.*

Turning to consideration of the pertinent § 3553(a) factors as instructed in § 3583(e)(1), the Court first observes that the nature and circumstances of the offense of conviction and

3

Defendant's history and characteristics do not support early termination of supervision.  Defendant pled guilty to possessing with intent to distribute cocaine, which is an extremely serious offense, given that cocaine trafficking presents a danger to the community and potentially devasting consequences for those who become addicted.  As for Defendant's history and characteristics, it is notable that he has a prior federal conviction for conspiracy to possess with intent to distribute 500 grams or more of cocaine.  (Docket No. 97, ¶ 35).  Defendant pled guilty to that offense, and he was sentenced in 2008 to 48 months' imprisonment followed by 4 years' supervised release.  (*Id.*).  Despite previously serving a fairly significant federal sentence of incarceration, Defendant was not deterred from engaging in the serious drug trafficking activity that was involved in this case.

With that said, Defendant is now 51 years old, he is gainfully employed with Paramount Construction (although he was employed with that company when he engaged in the drug trafficking activity involved in this case), (*see* Docket No. 97, ¶ 59), and he submits that his "ascension within his employment environment will be greatly enhanced" if he is relieved of his supervised release conditions.  (Docket No. 114, ¶ 13).  Defendant does not explain why that would be so, and any suggestion that his supervision status somehow may impede him from advancing in his job is not supported by his employer's letter.  To be clear, his employer's letter indicates that it would be helpful if Defendant could travel for the company, but it does not specify that travel is mandated for his position or that he is precluded from advancing if he cannot travel.  (*See id.* at 3) (stating "[i]t would help our program and allow [Defendant] to develop even more if he was allowed to travel for the company").  Overall, while Defendant's steady employment and general compliance with his supervised release conditions are commendable, his criminal history involving drug trafficking and the serious nature of the drug trafficking offense involved in this case weigh against the early termination of his supervision.

The Court also finds that the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Defendant, *see* 18 U.S.C. §§ 3553(a)(2)(B)-(C), weigh against early termination.[2] As discussed, Defendant's prior federal sentence of incarceration did not deter him from committing the drug trafficking offense involved in this case. While Defendant's performance on supervised release to date is laudable, his compliance "may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. Miles*, Crim. No. 13-252, 2020 WL 4904019, at *3 (W.D. Pa. Aug. 20, 2020). As such, Defendant's own history demonstrates that continued supervision is necessary to ensure that he remains on a productive, law-abiding path and avoids engaging in any illicit conduct. Continued supervision also will serve to protect the public from any further criminal activity by Defendant.

Next, the Court does not believe that consideration of the kinds of sentence and the sentencing range established for Defendant's crime or the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. §§ 3553(a)(4) and (a)(6), weigh in favor of early termination. The Court notes that Defendant was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement to 36 months' imprisonment, which was below the applicable guideline range of 37-46 months' imprisonment, and the 3-year term of supervised release was required by statute and under the guidelines.[3]

---

[2] Based on the present record, the Court does not find that consideration of the need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D), is relevant or applicable.

[3] Pursuant to the parties' plea agreement, the Government agreed to withdraw the Information under 21 U.S.C. § 851 stating Defendant's prior drug trafficking conviction as a basis for increased punishment under the applicable statute, which would have mandated imposition of a 6-year term of supervised release. (*See* Docket Nos. 24; 91-1, ¶ B.3)

(Docket No. 102 at 3). In this Court's estimation, the 3-year term of supervised release originally imposed remains appropriate, and there is no evidence that this factor warrants early termination of supervised release. Likewise, "[t]here is no evidence that [Defendant's] term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Welling*, Crim. No. 20-167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021). Further, the need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7), is not applicable in this case.

Additionally, the Court finds that the pertinent policy statement issued by the United States Sentencing Commission, which appears at Guideline § 5D1.4(b), does not support early termination. *See* 18 U.S.C. § 3553(a)(5). According to that policy statement, a court may terminate supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision" if the court "determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice." U.S.S.G. § 5D1.4(b) (citing 18 U.S.C. § 3583(e)(1)). In conducting an individualized assessment, the policy statement provides that the factors to be considered are the same factors used to determine whether to impose supervised release. *See id.*, Application Note 1(A) (citing 18 U.S.C. §§ 3583(c), (e)). When determining whether to terminate the remaining term of supervised release, the policy statement also instructs that courts "may wish to consider" such factors as: any history of court-reported violations during the term of supervision; the defendant's ability to lawfully self-manage; substantial compliance with the conditions of supervision; the defendant's engagement in appropriate prosocial activities; a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and whether termination will jeopardize public

safety. *See id.*, Application Note 1(B). While Defendant may generally satisfy some of these factors, the Court concludes that early termination of supervised release is not warranted by his conduct, and it is not in the interest of justice, for the reasons explained above. *See Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Although Defendant's conduct to date is laudable, it bears emphasizing that "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *Welling*, 2021 WL 409834, at *4 (emphasis in original) (citations omitted). To reiterate, considering the § 3553(a) analysis herein, especially the serious nature of Defendant's offense, his recidivist drug trafficking behavior, the need to deter criminal conduct, and the need to protect the public, the interest of justice is best served by Defendant completing his term of supervised release.

Finally, in analyzing whether early termination of supervision is warranted, the Court is cognizant that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280. While Defendant's desire to advance his career is understandable, he does not contend that the conditions of his supervised release are somehow impeding his ability to perform his job or merely inflicting punishment on him. In summary, the Court concludes that the 3-year term of supervised release is not greater than necessary to achieve the § 3553(a) sentencing goals and it is not contrary to the interest of justice.

### III.    CONCLUSION

Although Defendant need not show a new or unforeseen circumstance, his compliance with the conditions of supervision is expected and required and does not persuade the Court to grant early termination of supervised release. After considering the specified factors set forth in 18 U.S.C. § 3553(a), and conducting an individualized assessment of the need for ongoing

7

supervision, the Court finds that early termination of Defendant's term of supervised release is not warranted by his conduct, and it is not in the interest of justice.  Accordingly, the Court will deny Defendant's Motion for early termination of his supervision.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 31st day of March, 2026, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release, (Docket No. 114), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

United States Probation Office